UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24CR489 MTS/SPM |
| | ) |
| SIDARTH "SID" CHAKRAVERTY, | ) |
| VICTOR ALSTON, and | ) |
| SHIJING "POPPY" CAO, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES' RESPONSE TO DEFENDANT CAO'S MOTION TO MODIFY CONDITIONS OF PRETRIAL RELEASE**

COMES NOW the United States of America, by and through the United States Attorney for the Eastern District of Missouri, Sayler A. Fleming, and Assistant United States Attorney for said District, Hal Goldsmith, and for its Response to Defendant Cao's Motion to Modify Conditions of Pretrial Release (ECF 48), states to this Honorable Court as follows:

1. Defendant complains of a single condition of her pretrial release, that defendant resign her position as head of accounting for her current employers' various and numerous companies. Her current employers are, of course, her co-defendants Chakraverty and Alston. Defendant and her co-defendants are charged with a substantial financial fraud scheme which was allegedly committed through their positions at these very same companies. As the Grand Jury found, defendant Cao, as head of accounting for co-defendants' companies, manipulated and falsified numerous financial records of the companies which were then submitted to the City of St. Louis in support of the companies' applications for city tax incentives. Per the Indictment, defendant Cao was personally involved in the criminal conduct along with her co-defendants, and also directed any number of subordinates who defendant Cao supervised in the companies'

1

accounting department in the criminal conduct. A number of those subordinate employees are material witnesses for the United States in this prosecution and, upon information and belief, a number of them continue to work in the defendants' companies' accounting department.

2. Defendant Cao has been aware of the federal law enforcement investigation which resulted in the pending charges since at least June 9, 2023 when Special Agents of the FBI attempted to interview her relative to the investigation. It should be noted that when approached by the FBI Special Agents at that time, defendant Cao falsely denied that she was "Poppy," and falsely denied that she worked at Lux Living or Big Sur, two of the companies for which she was then serving as head of accounting. Despite being aware of the federal law enforcement investigation, and being provided her own counsel, defendant Cao elected to continue on as head of accounting for defendants' companies.

3. This Court determined that it was a necessary condition of defendant Cao's release that she not work for the co-defendants' companies which are at the very heart of the charges in this case. Under the facts and circumstances here, this Court's decision to impose that condition was proper and appropriate, and not an abuse of the Court's discretion. A district or magistrate judge may order the "least restrictive" conditions of pretrial release to ensure the defendant's appearance at trial and the community's safety. 18 U.S.C. § 3142(c)(1)(B). District and magistrate judges are given significant discretion to determine applicable conditions. *See* 18 U.S.C. § 3142(c)(1)(B)(xiv) ("the [defendant] may satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community."). The condition imposed here was not overly restrictive and does not prohibit the defendant from gainful employment unrelated to her co-defendants and her co-defendants' companies.

4. Defendant gives short shrift to the Court's determination that allowing defendant Cao to continue in her position with the co-defendants' companies would leave her in a position to have improper contact with, and potentially coerce and intimidate a number of government witnesses who were subordinate to her. Of course, one of the standard conditions imposed here is that defendant Cao have no contact with any individuals who are potential witnesses on behalf of the United States in this prosecution. A number of the government's witnesses are key witnesses against this defendant and her co-defendants *for the very reason* that they were subordinate employees and took their directions and orders from defendant Cao and her co-defendants while employed at co-defendants' companies. Upon information and belief one or more of those witnesses remain employed in those same positions. Defendant Cao is prohibited from having any contact with those witnesses and, while counsel for defendant now suggests that she could resume employment with the co-defendants' companies without any potential contact with those witnesses, and without having any supervisory authority over those witnesses, that suggestion is dubious at best. It would be virtually impossible for United States Pretrial Services to ensure that such an important pretrial release condition was complied with, and not violated if defendant Cao was allowed to return to her employment with the co-defendants' companies.

5. Additionally, this Court's special condition is necessary here as defendant Cao is charged with conspiring to commit, and committing, her financial crimes while the head of accounting at the co-defendants' companies which she now seeks to return to in some aspect of accounting. While under this Court's supervision, Defendant Cao should not be permitted to work in the accounting or financial field, much less doing that type of work at the same companies at issue here relative to her criminal charges. This Court has imposed such pretrial release employment conditions in any number of similar cases involving allegations of financial crimes,

and such conditions are not overly restrictive in order to prevent further financial damage to the community. The Eighth Circuit has found that if a supervised release condition for a tax fraud defendant barring maintenance of defendant's new or existing websites *specifically related to income tax*, such a condition could be acceptable, and not overly broad. *United States v. West*, 829 F.3d 1013, 1020-21 (8th Cir. 2016), citing *United States v. Keller*, 366 Fed.Appx. 362, 364 (3d Cir. 2010) ("upholding special condition on conviction for mail fraud banning creation or maintenance of 'business' websites where defendant's crime involved shipment of products sold through several of his internet retail websites. [W]e conclude that there is a sufficient nexus between the narrow restriction on Keller's use of the internet and the objectives of supervised release, particularly deterrence and protection of the public."). The Court in *West* focused on which matters were "central to" appellant's offense. *Id*. Here, there is no question but that defendant Cao's accounting work for her co-defendants' companies is "central to" the charges pending against her.

WHEREFORE, the United States of America respectfully moves for an Order of this Court denying and overruling defendant Cao's Motion to Modify Conditions of Pretrial Release

.                                                            Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*s/Hal Goldsmith*
HAL GOLDSMITH, #32984MO
Assistant United States Attorney
111 S. 10th Street, 20th Floor
St. Louis, Missouri  63102

4

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2024, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                         *s/ Hal Goldsmith*
                                         HAL GOLDSMITH, #32984MO
                                         Assistant United States Attorney